**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4600

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EGHOSASERE AVBORAYE-IGBINEDION, a/k/a Ego, a/k/a Ghost,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, Senior District Judge.  (1:21-cr-00054-RDB-2)

Submitted:  November 19, 2024                    Decided:  November 21, 2024

Before QUATTLEBAUM, RUSHING, and BENJAMIN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Alfred Guillaume III, LAW OFFICES OF ALFRED GUILLAUME III, Greenbelt, Maryland, for Appellant.  Erek L. Barron, United States Attorney, Christine O.J. Goo, Assistant United States Attorney, Sean R. Delaney, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eghosasere Avboraye-Igbinedion appeals the 66-month sentence imposed after a jury convicted him of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349, and four substantive counts of mail fraud, in violation of 18 U.S.C. § 1341. Avboraye-Igbinedion's sole contention on appeal is that the district court erred in calculating his advisory Sentencing Guidelines range by including a 16-level increase to his offense level based on the court's determination that the offense caused a loss exceeding $1,500,000. *See* U.S. Sentencing Guidelines Manual § 2B1.1(b)(1)(I) (2021). We affirm.

We review a defendant's sentence for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We "must first ensure that the district court committed no significant procedural error, such as," inter alia, "failing to calculate (or improperly calculating) the Guidelines range." *Id.* When assessing the application of Guidelines enhancements, we review findings of fact for clear error and legal decisions de novo. *United States v. Fluker*, 891 F.3d 541, 547 (4th Cir. 2018). A district court's loss calculation is a factual finding that we review for clear error only, "simply determin[ing] whether the district court's account of the evidence is plausible in light of the record viewed in its entirety." *United States v. Nkongho*, 107 F.4th 373, 386 (4th Cir. 2024) (cleaned up).

The Government must establish the amount of loss by a preponderance of the evidence. *United States v. Catone*, 769 F.3d 866, 876 (4th Cir. 2014). When determining the loss amount attributable to a defendant, "[t]he district court, though it need not reach a precise figure as to loss, must make a reasonable estimate of loss based on the available

2

information in the record." *Id.* (internal quotation marks omitted); *see* USSG § 2B1.1 cmt. n.3.  When, as here, a case involves "jointly undertaken criminal activity, a particular loss may be attributed to a defendant if it results from the conduct of others so long as the conduct was in furtherance of, and reasonably foreseeable in connection with the criminal activity." *United States v. Otuya*, 720 F.3d 183, 191 (4th Cir. 2013) (internal quotation marks omitted).

The district court's loss calculation was not clearly erroneous.  We have thoroughly reviewed the record and conclude that the Government proved, by a preponderance of the evidence, that more than $1,500,000 in losses was reasonably foreseeable to Avboraye-Igbinedion, based on both his direct role in the mail fraud scheme and the activities of his coconspirators.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*